|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DEANA FARLEY, Individually and on Behalf of the Class, | No. 2:20-cv-2485 KJM DB |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| LINCOLN BENEFIT LIFE COMPANY, a Nebraska Corporation, | |
| Defendant. | |

On August 1, 2022, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned on August 26, 2022, pursuant to Local Rule 302(c)(1).  (ECF No. 32.)  On August 22, 2022, plaintiff filed an amended motion, continuing the hearing of the motion to compel to September 2, 2022, along with a Joint Statement re Discovery Disagreement and notice of request to seal.  (ECF Nos. 36 & 37.)

The section of the Joint Statement addressing the parties' meet and confer efforts, however, states that—outside of exchanging emails—the parties last met and conferred by teleconference on March 24, 2022.  (JS (ECF No. 36-1) at 25.)  The undersigned's Standard Information re discovery disputes found on to the court's web page at

http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

judge-deborah-barnes-db explains that parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the Joint Statement. In this regard, meeting and conferring several months prior to the filing of the Joint Statement and then exchanging emails does not satisfy the undersigned's meet and confer requirements.[1] Moreover, defendant asserts that after providing supplemental responses on July 14, 2022, plaintiff's counsel "did not express dissatisfaction with this response and did not re-engage with counsel . . . before filing the present motion." (JS (ECF No. 36-1) at 24.)

Finally, plaintiff argues that the discovery at issue is necessary to respond to defendant's forthcoming effort to "oppose class certification." (Id. at 8.) To the extent the discovery plaintiff seeks is related to class certification, the deadline for the completion of that discovery was August 15, 2022. (ECF No. 29.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 1, 2022 motion to compel (ECF No. 32), amended on August 22, 2022 (ECF No. 36), is denied without prejudice to renewal;

2. Plaintiff's August 22, 2022 notice of request to seal (ECF No. 37) is denied without prejudice to renewal; and

3. The September 2, 2022 hearing of plaintiff's motion is vacated.

Dated: August 30, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/farley2485.mtc.den.m&c.ord

---

[1] That document also explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits. The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.