UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANA FARLEY, Individually and on Behalf of the Class, | No.  2:20-cv-2485 KJM DB |
| Plaintiff, | ORDER |
| v. | |
| LINCOLN BENEFIT LIFE COMPANY, a Nebraska Corporation, | |
| Defendant. | |

Pending before the undersigned are plaintiff's renewed motion to compel and request to seal.  (ECF Nos. 44 & 49.)  Plaintiff's motion will again be denied without prejudice to renewal for the reasons explained below.

On August 1, 2022, plaintiff filed a motion to compel and noticed the motion for hearing before the undersigned on August 26, 2022, pursuant to Local Rule 302(c)(1).  (ECF No. 32.)  On August 31, 2022, the undersigned issued an order denying that motion without prejudice to renewal.  (ECF No. 38.)  Therein, the undersigned explained that the discovery at issue appeared to concern class certification, while the deadline for the completion of that discovery passed on August 15, 2022.  (Id. at 2.)

////

1

1    On September 29, 2022, the parties filed a stipulation concerning, in part, the completion

2  of class discovery.  (ECF No. 42.)  The stipulation explained that defendant intended "to produce

3  certain additional documents or discovery items that it intends to use for its opposition to

4  Plaintiff's motion for class certification."  (Id. at 2.)  Defendant also intended "to submit a report

5  or declaration by a retained expert," and to "produce said expert for deposition on or before"

6  November 18, 2022.  (Id.)  Accordingly, the parties' "stipulated to extend the deadline by which

7  to complete agreed-upon discovery related to class certification to Friday, November 18, 2022."

8  (Id. at 3.)  The assigned District Judge approved the parties' stipulation on September 30, 2022.

9  (ECF No. 43.)

10    On October 25, 2022, plaintiff filed a renewed motion to compel and noticed the motion

11  for hearing before the undersigned on November 18, 2022, pursuant to Local Rule 302(c)(1).

12  (ECF No. 44.)  On November 4, 2022, the parties filed a Joint Statement re Discovery

13  Disagreement.  (ECF No. 48.)  Therein, the parties dispute whether the discovery at issue

14  concerns the "agreed-upon" discovery subject to the parties' stipulation.  (Id. at 14, 21.)

15  Although the undersigned's reading of the parties' stipulation is more consistent with defendant's

16  interpretation, all that can be said with certainty is that the parties should have addressed this

17  issue in their stipulation with more clarity and specificity.

18    Moreover, any order requiring production of discovery related to class certification would

19  necessitate an extension of the November 18, 2022 deadline.  The parties' briefing fails to

20  adequately address how long of an extension would be required and whether an such extension

21  would impact other deadlines in this action.

22    Perhaps most importantly, plaintiff's motion asserts that the parties "met and conferred . .

23  . several times . . . in July."  (ECF No. 44 at 2.)  In connection with the Joint Statement, counsel

24  for defendant filed a declaration, declaring that plaintiff had not in fact met and conferred prior to

25  filing the renewed motion to compel on October 25, 2022.  (Villanueva Decl.  (ECF No. 48-2) at

26  2.)  Counsel for plaintiff also filed a declaration conceding that the statement that the parties' "last

27  meet and confer was in July . . . was an error."  (Tomasevic Decl. (ECF No. 48-1 at 4.)  In a

28  vague and conclusory assertion, devoid of evidence in support, counsel asserts that the parties

1  nonetheless "more recently and expressly, repeatedly," met and conferred over the discovery at

2  issue.  (Id.)

3         That the undersigned strictly enforces meet and confer requirements should come as no

4  surprise to the parties.  In deny plaintiff's prior motion to compel the undersigned explained that

5  the undersigned's Standard Information re discovery disputes found on to the court's web page at

6  http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

7  judge-deborah-barnes-db requires parties to meet and confer prior to filing a discovery motion

8  and to "again confer in person or via telephone or video conferencing" prior to the filing of the

9  Joint Statement.[1]  (ECF No. 38 at 1-2.)

10        Accordingly, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's October 25, 2022 renewed motion to compel (ECF No. 44) is denied without

12 prejudice to renewal;

13        2.  Plaintiff's November 4, 2022 notice of request to seal (ECF No. 49) is denied without

14 prejudice to renewal; and

15        3.  The November 18, 2022 hearing of plaintiff's motion is vacated.

16 DATED: November 14, 2022          /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23 DLB:6
   DB/orders/orders.civil/farley2485.mtc2.den.m&c.ord

24

25

26 [1] The parties are also advised that the undersigned's Standard Information re discovery disputes, explains that joint statements filed before the undersigned shall not exceed twenty-five pages,
27 excluding exhibits.  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Title pages, tables of contents, tables
28 of citations, etc., all count toward the twenty-five-page limit.  Here, the parties' Joint Statement exceeds the 25-page limit.  (ECF No. 48.)

3