UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deana Farley, | No. 2:20-cv-02485-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Lincoln Benefit Life Company, | |
| Defendant. | |

This case concerns the lapse and termination of certain life insurance policies. Plaintiff Deana Farley claims defendant Lincoln Benefit Life Company did not comply with California state law regulating the policies. Plaintiff Farley moves for class certification and requests to seal certain information. For the reasons below, the court **grants the motion for class certification in part and denies the request to seal.**

I.   **BACKGROUND**

In April 2011, Deana Farley purchased a life insurance policy for her son's life from Lincoln Benefit Life Company. Compl. ¶ 27, ECF No. 1; *see* Farley Decl. Ex. A, ECF No. 40-2. The policy contained a contractual 61-day grace period and stated defendant would send a written notice "at least 30 days prior to the day coverage lapses." Farley Decl. Ex. A at 15.[1] In 2016,

---

[1] When citing page numbers in filings, the court uses the pagination automatically generated by the CM/ECF system.

1

plaintiff's policy lapsed for nonpayment and she subsequently reinstated the policy. Farley Dep. 136:20–23, 138:15–18;[2] Compl. ¶ 31. Plaintiff continued to make payments until she missed a payment in 2018. Farley Decl. ¶ 4. Defendant lapsed the policy and terminated it for nonpayment, *id.*, and plaintiff did not take steps to reinstate the policy, Farley Dep. 77:8–10. California Insurance Code sections 10113.71[3] and 10113.72[4] (collectively, statutes) went into effect in 2013. 2012 Cal. Legis. Serv. Ch. 315 (A.B. 1747). The statutes provide

---

[2] For Deana Farley's deposition transcript, the court cites to the pages excerpted in Villanueva Decl. Ex. 2, ECF No. 45-4 and Pl.'s Ex. 15, ECF No. 74-3.

[3] Section 11013.71 provides:
> (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.
> (b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.
> (2) This subdivision shall not apply to nonrenewal.
> (3) Notice shall be given to the policy owner and to the designee by first-class United States mail within 30 days after a premium is due and unpaid. However, notices made to assignees pursuant to this section may be done electronically with the consent of the assignee.
> (c) For purposes of this section, a life insurance policy includes, but is not limited to, an individual life insurance policy and a group life insurance policy, except where otherwise provided.

Cal. Ins. Code § 10113.71.

[4] Section 11013.72 provides:
> (a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.
> (b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The

2

policyholders three procedural safeguards: 1) policy owners must be given the right to designate an additional person to receive a notice of lapse or termination; 2) "policy owners and any designees must receive notice within 30 days of a missed premium payment, and any [lapse or] termination for nonpayment will not be effective unless insurers send notice to these parties at least 30 days prior;" and 3) each policy must have at least a 60-day grace period. *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 241 (2021); *see* Cal. Ins. Code §§ 10113.71, 10113.72. The statutes apply "to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *McHugh*, 12 Cal. 5th at 220.

Plaintiff alleges defendant violated section 10113.72 "by failing to provide notice of a right to designate an alternative notice recipient." Compl. ¶ 33. Because defendant violated the statutes, plaintiff claims "termination of the policy was ineffective and the policy remains in force." *Id.* Plaintiff also claims the termination of the policy "constituted a material breach of the contract." *Id.*

Plaintiff brings this putative class action based on defendant's non-compliance with the statutes. *Id.* ¶¶ 35–39. She brings the following four claims individually and on behalf of the putative class: 1) declaratory judgment or relief under California Civil Procedure Code section 1060; 2) declaratory judgment or relief under 28 U.S.C. § 2201; 3) breach of contract; and 4) unfair competition under California Business and Professions Code section 17200. *Id.* ¶¶ 52–87.

In March 2021, this court stayed the action pending resolution of appeals before the California Supreme Court and the Ninth Circuit raising the same issues presented in this case.

---

policy owner may change the designation more often if he or she chooses to do so.
(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

Cal. Ins. Code § 10113.72.

3

1  Stay Min. Order, ECF No. 14.  In September 2021, the court lifted the stay because the relevant

2  appeals were resolved, Min. Order Lifting Stay, ECF 19; *see, e.g.*, *McHugh*, 12 Cal. 5th at 246;

3  *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir. Oct. 6,

4  2021) (unpublished), and the parties proceeded with discovery related to class certification, Mins.

5  Scheduling Conf., ECF No. 29.

6         Plaintiff now moves to certify and represent the following class:

> All owners, or beneficiaries upon a death of the insured, of
> Defendant's individual life insurance policies issued in California
> before 2013 that Defendant lapsed or terminated for the non-payment
> of premium in or after 2013 without first providing all the notices,
> grace periods, and offers of designation required by Insurance Code
> Sections 10113.71 and 10113.72.

13  Mot. at 10, ECF No. 40-1.  Defendant opposes, Opp'n, ECF No. 45, and plaintiff has replied,

14  Reply, ECF No. 55.  On February 17, 2023, the court held a hearing on this matter.  Alex

15  Tomasevic appeared for plaintiff.  Mins. Hr'g, ECF No. 70.  Katherine Villanueva and Jamie

16  Campisi appeared for defendant.  *Id.*

## II.     REQUEST TO SEAL

18         Plaintiff requests to seal documents containing information designated by defendant as

19  "CONFIDENTIAL" under the terms of the discovery only Protective Order in this action.  Req.

20  to Seal at 2, ECF No. 41; *see* Protective Order, ECF No. 31.  At hearing, the court informed

21  parties it would deny the request to seal and not rely on any of the documents covered by that

22  request.  In short, discovery protective orders do not guarantee sealing.  The protective order here

23  expressly provides that "designation of documents (including transcripts of testimony) as

24  confidential pursuant to this order does not automatically entitle the parties to file such a

25  document with the court under seal."  Protective Order ¶ 2.  Plaintiff's reliance on the stipulated

26  protective order does not offer "a compelling reason to overcome the presumption in favor of

27  access."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).  Apart

from the terms of the discovery protective order, plaintiff offers no other reason to seal the documents covered by her request. The court thus **denies plaintiff's request to seal**.[5]

### III.   CLASS CERTIFICATION

#### A.   Legal Standard

Litigation by a class is "an exception to the usual rule" that only the "individual named parties" bring and conduct litigation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Class certification is governed by Federal Rule of Civil Procedure 23. Rule 23 imposes four prerequisites on every class. First, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Second, questions of law or fact must be common to the class. Fed. R. Civ. P. 23(a)(2). Third, the named representatives' claims or defenses must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). And fourth, the representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Plaintiffs who satisfy these four prerequisites must also show the proposed class fits within one of the three categories of classes described in Rule 23(b). Plaintiff seeks certification under two of these categories: Rules 23(b)(2) and 23(b)(3). In the alternative, plaintiff seeks certification under Rule 23(c)(4). A class can be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) permits certification of a class if common questions of law and fact predominate, and a class action is the superior means of litigation.

"The party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO C.L.C. v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010). Rule 23 embodies more than a "mere pleading standard." *Dukes*, 564 U.S. at 350. The party must "prove that there are *in fact* sufficiently numerous parties,

---

[5] The court previously denied plaintiff's separate request to seal in ECF No. 62 for the same reasons stated in this order.

common questions of law or fact, etc." *Id.* (emphasis in original).  The district court must then conduct a "rigorous analysis" of whether the party has met its burden, *id.* at 351, and "analyze each of the plaintiff's claims separately," *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014), *abrogated on other grounds by Microsoft Corp. v. Baker*, 582 U.S. 23, 26 (2017).  The court must verify the putative class's "actual, not presumed, conformance with Rule 23(a)." *Dukes*, 564 U.S. at 351 (alterations omitted) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).  This inquiry often overlaps with consideration of the merits of the plaintiffs' substantive claims.  *Id.* at 351–52.  Indeed, "a district court *must* consider the merits if they overlap with the Rule 23(a) requirements."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original).  These same "analytical principles" also apply to the court's analysis of whether the plaintiff meets its burden under Rule 23(b).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

### B. Rule 23(a) Requirements

#### 1. Rule 23(a)(1) – Numerosity

Class litigation is desirable when claimants are "so numerous that joinder . . . is impracticable."  Fed. R. Civ. P. 23(a)(1).  Impracticability is satisfied when joinder is difficult or inconvenient, but does not require impossibility.  *Smothers v. NorthStar Alarm Servs., LLC*, No. 17-00548, 2019 WL 280294, at *4 (E.D. Cal. Jan. 22, 2019).  "While there is no fixed number that satisfies the numerosity requirement, as a general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not." *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 526 (N.D. Cal. 2012).

Here, plaintiff estimates the class comprises tens of thousands of individuals with affected policies, Mot. at 15, and defendant stipulates to the numerosity requirement, *id.*; *see also* Def.'s Resps. & Objs. to Pl's Interrogs. [Set One] at 82–87, Nicholas Decl. Ex. 7, ECF No. 40-3.  Numerosity is thus satisfied.

#### 2. Rule 23(a)(2) – Commonality

Commonality requires "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality loosely requires class members to "have suffered the same injury,"

6

1   *Falcon*, 457 U.S. at 157, leading the class to a "common contention," *Dukes*, 564 U.S. at 350.  A
2   "common contention . . . means that determination of its truth or falsity will resolve an issue that
3   is central to the validity of each one of the claims."  *Id.*  "Commonality is generally satisfied
4   where . . . the lawsuit challenges a system-wide practice or policy that affects all of the putative
5   class members."  *Franco v. Ruiz Food Prods., Inc.*, No. 10-02354, 2012 WL 5941801, at *5 (E.D.
6   Cal. Nov. 27, 2012) (internal marks and citation omitted).

7        Here, the overarching common question of law and fact raised in plaintiff's complaint is
8   whether defendant violated California Insurance Code sections 10113.71 and 10113.72 by not
9   providing the statutes' required procedural safeguards prior to lapsing and/or terminating life
10  insurance policies.  Mot. at 18.  Whether defendant provided the required safeguards in
11  compliance with California law can be resolved in "one stroke."  *Dukes*, 564 U.S. at 350; *see also*
12  *Bentley v. United of Omaha Life Ins. Co.*, No. 15-7870, 2018 WL 3357458, at *8 (C.D. Cal.
13  May 1, 2018) (commonality found when "[a]ll the class members have suffered the same alleged
14  injury: they are beneficiaries of policies that [defendant] canceled before providing statutorily
15  required notice").

16       While not explicitly addressing commonality, defendant argues there is "a variety of
17  individualized questions" connected with plaintiff's claims, which destroys predominance.
18  Opp'n at 12.  The predominance requirement under Rule 23(b)(3) is more demanding than the
19  commonality requirement under Rule 23(a).  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 624
20  (1997).  The court will nonetheless address defendant's arguments to the extent they affect the
21  commonality analysis.  Specifically, defendant argues the following issues require individualized
22  inquiries: injury and causation, statute of limitations, laches, mitigation of damages and waiver of
23  contractual breaches.  Opp'n at 16–17.  Here, the common question is whether defendant violated
24  the statutes and whether the absence of the statutory safeguards deprived policyholders of
25  procedural rights.  "Sections 10113.71 and 10113.72 'create a single, unified pretermination
26  notice scheme.'"  *Thomas*, 2021 WL 4596286, at *1 (quoting *McHugh*, 12 Cal. 5th at 240).
27  Questions of causation, i.e., whether the policy would have lapsed even if defendant had
28  complied with the statutes, are not relevant to whether there was a violation of a procedural right.

*See id.* at *1 (noting evidence of causation is not necessary for plaintiff to prevail because "[a]n insurer's failure to comply with these statutory requirements means that the policy cannot lapse"). Similarly, it is not necessary for the court to delve into the individualized circumstances of each policyholder and their policies because the injury alleged here is the same among all putative class members: the deprivation of procedural safeguards guaranteed by the statutes. Commonality is satisfied here.

### 3. Rule 23(a)(3) – Typicality

Typicality is met when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality ensures "the interest of the named representative aligns with the interests of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Claims and defenses are "'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Smothers*, 2019 WL 280294, at *5 (quoting *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014)). "Measures of typicality include 'whether other members have the same or similar injury, whether the action is based on conduct[,] which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Torres*, 835 F.3d at 1141 (quoting *Hanon*, 976 F.2d at 508).

Here, plaintiff alleges she, along with all putative class members, did not receive one or more of the procedural safeguards required by the statutes, whether that be the "60-day grace provision, annual notices of a right to designate, and/or proper lapse notice to both the policy owner and their designee." Mot. at 20. Here, the claims of all the putative class members, including plaintiff are the same, they were denied a procedural right in violation of the statutes.

Defendant argues plaintiff's claims are not typical because plaintiff is not representative of those who are beneficiaries of policies of those who died and those who chose to terminate their coverage. Opp'n at 23. As to the beneficiaries of policies of those who died, the injury here is still the same: not receiving one or more of the procedural safeguards mandated by the statutes. As to those who affirmatively chose to terminate their coverage, the court finds those

policyholders are already excluded from the putative class. In *Bentley*, the Central District removed the policyholders who affirmatively canceled their policies from the putative class because the purpose of the statutes "is to ensure that policyholders have notice before their life insurance is canceled involuntarily." *See* 2018 WL 3357458, at *6. Here, defendant argues it "is impractical if not impossible" to determine which policyholders affirmatively terminated their policies "when confronted with a putative class of tens of thousands." Opp'n at 18. This statement is disputed by the deposition testimony of Brian Guntli, a representative of defendant. *See* Guntli Dep. 18:15–16, Pl.'s Ex. 13, ECF No. 74-3. In his testimony, Mr. Guntli explains how different policies are categorized and sorted. *Id.* He explains, "when a customer actively calls in and cancels their contract, that is a surrender. And when a policy lapses for nonpayment of premium after the expiration of the grace period, that would be a lapse." *Id.* 18:15–19. Mr. Guntli further explains defendant "could see what is recorded on the system as a surrender." *Id.* 22:25–23:2. Despite defendant's characterization in its opposition that it would be "impractical" or "impossible" to determine whether policyholders affirmatively terminated their policies, defendant is able to and has recorded surrenders of its policies. Opp'n at 18. It appears relatively simple for defendant to know which policyholders chose to terminate their policies.

If defendant recorded the reason for termination as nonpayment of premium, then the policyholder has a right to procedural safeguards mandated by the statutes reviewed above. As plaintiff argued during hearing, if policy members went through a formal surrender process where they affirmatively chose to cancel their policy, they would not qualify for membership in the putative class in the first place.

Defendant also claims plaintiff's circumstances are not typical of the putative class because her policy included a 60-day grace period. Opp'n at 22–23. However, defendant does not argue it provided plaintiff with the notice of a right to designate a person to receive notice of lapse or termination. *See id.* The statutes have three procedural safeguards, and the putative class is comprised of those whose policies lapsed and/or terminated prior to receiving one or more of the procedural safeguards mandated by statutes. Mot. at 12. Here, plaintiff alleges her policy lapsed and terminated before defendant provided her with notice of her right to designate

9

another person to receive notice of lapse or termination for nonpayment of premiums. *Id.* at 20 n.10; Compl. ¶ 33. Thus, her procedural rights were violated. Each safeguard is intended to provide a policyholder with sufficient warning to protect against lapse or termination for nonpayment, and empower policyholders, especially those who are most vulnerable to missing a premium payment. *See McHugh*, 12 Cal. 5th at 220, 240–41. The absence of any one or more of these statutory safeguards deprives affected policyholders of important procedural rights. Seen properly in this way, the injury alleged here is the same among all putative class members, making plaintiff's claim typical of the putative class. Further, defendant argues mere non-compliance with the statutes does not result in class-wide relief, which makes the defenses the same, too. *See* Opp'n at 18–19.

The typicality requirement is satisfied here because defendant violated plaintiff and all putative class members' procedural rights by not complying with the applicable statutes prior to lapsing and/or terminating their policies for nonpayment of premiums. Plaintiff and the putative class members suffered the same injury.

### 4. Rule 23(a)(4) – Adequacy

The adequacy requirement is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts must consider 1) whether there are any conflicts of interest between plaintiff or counsel and other class members and 2) whether the named plaintiff and counsel will "prosecute the action vigorously on behalf of the class." *Ellis*, 657 F.3d at 981 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "Serious conflicts of interest can impair adequate representation by the named plaintiffs, yet leave absent class members bound to the final judgment, thereby violating due process." *In re Volkswagen 'Clean Diesel' Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018).

The record before the court does not suggest the named plaintiff, or her counsel, have conflicts of interest with the putative class members. *See* Farley Decl. ¶ 6; Nicholas Decl. ¶¶ 13–15. Additionally, based on the evidence of record, including the accompanying declaration of Craig Nicholas, the court finds the attorneys representing the class have extensive experience

in this field. Mot. at 21; Nicholas Decl. ¶¶ 2–12 (detailing attorneys' experience representing claimants of this type).

Defendant argues plaintiff is not an adequate representative because she "is unfamiliar with and does not understand the allegations against [defendant], and did not review the Complaint before it was filed." Opp'n at 24. "The threshold of knowledge required to qualify a class representative is low; a party must be familiar with the basic elements of her claim . . . [and] will be deemed inadequate only if she is 'startlingly unfamiliar' with the case." *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 985 (E.D. Cal. 2020) (quoting *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 412 (E.D. Cal. 2018)). Thus, a class representative who "understands [her] duties and is currently willing and able to perform them" is adequate. *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001). "The Rule does not require more." *Id.*

While plaintiff admits she did not recall reviewing the complaint prior to its filing, Reply at 8 n.8, that fact alone is not dispositive. *See United States ex rel. Terry*, 327 F.R.D. at 412 (finding adequacy even though plaintiff admitted she did not read complaint). Here, the record shows plaintiff understands her duties as a class representative and is willing and able to perform them. Farley Decl. ¶ 6. She hired competent counsel, gathered and produced relevant documents, made herself available for questions and sat for a deposition. *Id.* She also reviewed court papers prior to her deposition. Farley Dep. 17:17–18:5. Lastly, she testified during her deposition that defendant should have let her know about the right to designate a third party to receive notice of pending lapses, and that she believed defendant violated her rights and her policy should not have been terminated. Farley Dep. 177:24–80:11. Here, the court does not find plaintiff is "startlingly unfamiliar" with the case nor has she shown a "complete lack of interest in the conduct of the case." *See Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D. Cal. 1994). Plaintiff's representation is adequate.

### C. Class Certiciation Under Rule 23(b)(2)

Rule 23(b)(2) states class actions are appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief

11

1  or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.
2  23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would
3  provide relief to each member of the class. It does not authorize class certification when each
4  individual class member would be entitled to a different injunction or declaratory judgment
5  against the defendant." *Dukes*, 564 U.S. at 360. "These requirements are unquestionably
6  satisfied when members of a putative class seek uniform injunctive or declaratory relief from
7  policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at
8  688.

### 1. Declaratory Relief

Plaintiff argues "all class members seek the *same* declaration: that the Statutes apply to all their policies, that their policies were wrongfully terminated and should be treated as 'in force.'" Reply at 8–9 (emphasis in original). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Plaintiff seeks a declaration that the statues apply to all of the putative class members' policies. Reply at 8. Here, as noted, the California Supreme Court has clarified "sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *McHugh*, 12 Cal. 5th at 220. At hearing, the parties stipulated that the statutes in question apply to all life insurance policies. The question of whether the statutes apply to all the policies relevant here thus has been settled; accordingly, plaintiff's request for declaratory relief is moot in this respect. *See Pitt v. Metro. Tower Life Ins. Co.*, No. 20-694, 2022 WL 17972167, at *9 (S.D. Cal. Dec. 1, 2022) (rejecting similar declaratory relief claim as moot in light of *McHugh*).

Plaintiff also seeks declaratory relief in the form a declaration that defendant violated the statutes and thus wrongfully terminated the affected policies. Defendant argues plaintiff cannot certify a class under Rule 23(b)(2) because "she primarily seeks certification for monetary relief." Opp'n at 20. It is true that "Rule 23(b)(2) certification is inappropriate where the primary relief

12

sought is monetary[.]" *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). However, a class certified under Rule 23(b)(2) may seek money damages when such a request is "merely incidental" to the primary claim for declaratory relief. *See Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986).

Here, plaintiff states "declaratory relief is really the only thing that about 98% of potential class members (e.g., 32,706 of the 33,105 people whose policies were administered by Allstate) are entitled to [and] is the primary relief sought here." Reply at 9. At hearing, plaintiff confirmed she is not seeking monetary damages for herself or for any of the policyholders who are alive. For these class members, she reiterated she is seeking only declaratory relief. The only putative class members entitled to money damages equivalent to policy benefits would be the remaining 2 percent of class members, or around 400 putative class members, who are beneficiaries of policies covering an insured who has died. *Id.*; *see* Mot. at 25. The claims of a mere 2 percent of the putative class do not support a recharacterization of the primary relief sought by the vast majority of class members. Further, any monetary relief the subset of putative class members would receive would be ancillary to declaratory relief. The court finds the primary relief plaintiff seeks on behalf of the putative class is declaratory and not monetary.

Here, a declaration invalidating the lapse and/or termination of insurance policies without the provision of the safeguards mandated by the statutes would serve a useful purpose in clarifying and settling the legal relations between plaintiff, the putative class members and defendant. The parties disagree on the consequences of violating the statutes. *Compare* Mot. at 13 (arguing violation of statutes renders lapse and/or termination invalid) *with* Opp'n at 12 (arguing need for more individualized inquiry regarding whether lapse and/or termination was invalid). Thus, the court's determination and declaration of what the consequences of violating the statutes are would clarify the legal relations between the parties. Individual class members would not be entitled to a different declaratory judgment. Unlike the four post-*McHugh* cases defendant relies on, here, the primary relief sought is class-wide, homogenous declaratory relief. *See Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157, 161 (N.D. Cal. 2022) (denying

certification under Rule 23(b)(2) because primary relief sought was monetary damages); *Moriarty v. Am. Gen. Life Ins. Co.*, No. 17-1709, 2022 WL 6584150, at *3 (S.D. Cal. Sept. 27, 2022) (finding Rule 23(b)(2) certification inappropriate because plaintiff's primary claim is for damages); *Pitt*, 2022 WL 17972167, at *9 (noting primary relief plaintiff is seeking is damages); *Nieves v. United of Omaha Life Ins. Co.*, No. 21-01415 (S.D. Cal. Mar. 28, 2023), ECF No. 70 at 13 ("Plaintiff's claim for monetary damages also precludes certification under Rule 23(b)(2)."). Given that these claims of the putative class as a whole are amenable to a singular order on declaratory relief, the court finds Rule 23(b)(2) is satisfied as to these claims.

### 2. Injunctive Relief

Plaintiff also seeks injunctive relief. Defendant argues plaintiff has no standing to seek injunctive relief because she cannot show likelihood of future injury. Opp'n at 21. To seek injunctive relief, plaintiff must demonstrate 1) "[s]he has suffered or is threatened with a 'concrete and particularized' legal harm" and 2) "a sufficient likelihood that [s]he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal marks and citation omitted) (quoting first *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and then *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

As plaintiff argued during hearing, plaintiff is alleging a continuing injury. That is, she is arguing defendant is disavowing her life insurance policy, which should not have been terminated and should remain in force. She faces future injury because it is inevitable she will pass away and will not be able to benefit from the coverage if defendant continues to disavow her policy. Here, the court finds plaintiff has sufficiently demonstrated injury and likelihood of future injury. *See e.g.*, *Steen v. Am. Nat'l Ins. Co.*, Co., 609 F. Supp. 3d 1066, 1073 (C.D. Cal. 2022) (finding "plausible inference" of Article III standing where plaintiffs allege their policies remained in force and they could be injured again); *Bumpus v. U.S. Fin. Life Ins. Co.*, No. 20-00926, 2022 WL 4366979, at *6 (E.D. Cal. Sept. 21, 2022) (same). Plaintiff has standing to seek injunctive relief.

Here, plaintiff's request for injunctive relief is tied to her request for declaratory relief. She seeks a declaration that the putative class members' policies were wrongfully terminated and

should be treated as 'in force,' and seeks an injunction ordering defendant to reinstate the policies and comply with the statutes.  The remedy sought in the complaint is class-wide, homogenous, injunctive relief.  "When a class seeks an indivisible injunction benefiting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute.  Predominance and superiority are self-evident." *Dukes*, 564 U.S. at 362–63.  Given the suitability of this controversy to singular declaratory and injunctive relief, the court finds Rule 23(b)(2) is satisfied.

### D.     Rule 23(b)(3)

At hearing, plaintiff argued she is seeking certification both under Rule 23(b)(2) and Rule 23(b)(3).  While plaintiff herself is not seeking monetary relief, as indicated above, she does seek to represent putative class members whose insured has passed away and may be entitled to monetary relief under the Unfair Competition claim and breach of contract claim.  Under Rule 23(b)(3), the court must find "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In this respect, plaintiff is not an adequate class representative because she is still alive and is not seeking monetary relief, only declaratory relief as discussed above.  To the extent plaintiff seeks to certify a subclass of those who are specifically requesting monetary relief, plaintiff's claims are not typical of this putative subclass.  Accordingly, class certification under Rule 23(b)(3) is **denied without prejudice**.  If plaintiff wishes to seek certification of a subclass, it would appear she will need to show good cause for amending the scheduling order, to allow her to move to add a new class representative who can adequately represent the subclass, and also to move to certify the subclass. *See* Fed. R. Civ. P. 23(c)(5); *Amparan v. Plaza Home Mortg., Inc.*, No. 07-4498, 2009 WL 2776486, at *2 (N.D. Cal. Aug. 28, 2009) (granting leave to amend complaint to add individuals as additional plaintiffs and class representatives); *Aldapa v. Fowler Packing Co., Inc.*, 323 F.R.D. 316, 326 (E.D. Cal. 2018), *order clarified*, No. 15-420, 2018 WL 10322910 (E.D. Cal. Feb. 16, 2018) (noting subclasses may be "required because of conflicts

15

between the various class members and the inability of either class counsel or class representatives to adequately represent the subclass").

## IV. CONCLUSION

Plaintiff's motion to certify the class under Federal Rule of Civil Procedure Rule 23(b)(2) is **granted**. Class certification under Rule 23(b)(3) is **denied without prejudice.** Plaintiff's request to seal is also **denied without prejudice**. The court certifies the following class:

> All owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before 2013 that Defendant lapsed or terminated for the non-payment of premium in or after 2013 without first providing all the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

The court appoints plaintiff as class representative and Nicholas & Tomasevic, LLP and Winters & Associates as class counsel under Rule 23(g).

This order resolves ECF Nos. 40 and 41.

IT IS SO ORDERED.

DATED: April 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE