1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Deana Farley,                                    No. 2:20-cv-02485-KJM-DB

12                          Plaintiff,                ORDER

13          v.

14   Lincoln Benefit Life Company,

15                          Defendant.

16

17          Defendant Lincoln Benefit Life Company moves to rescind and to stay this action pending

18   resolution of defendant's Federal Rule of Civil Procedure 23(f) petition to the Ninth Circuit.  For

19   the reasons below, the court construes the motion to rescind as a motion for reconsideration under

20   Federal Rule of Civil Procedure 59(e) and Local Rule 230(j) and **denies** the motion.  The court

21   also **denies** the motion to stay.

22   **I.      BACKGROUND**

23          This case involves the termination of a life insurance policy.  The court has discussed the

24   background of this case in its prior order and incorporates that discussion by reference here.  *See*

25   Prior Order, ECF No. 77.  On April 18, 2023, the court granted plaintiff Deana Farley's motion

26   for class certification under Federal Rule of Civil Procedure Rule 23(b)(2) and denied her motion

1

1  for class certification under Rule 23(b)(3).  Prior Order at 16.[1]  The court defined the approved

2  class as follows:

> All owners, or beneficiaries upon a death of the insured, of
> Defendant's individual life insurance policies issued in California
> before 2013 that Defendant lapsed or terminated for the non-payment
> of premium in or after 2013 without first providing all the notices,
> grace periods, and offers of designation required by Insurance Code
> Sections 10113.71 and 10113.72.

9  *Id.*

10  Defendant now moves the court to rescind the order granting in part plaintiff's motion for

11  class certification.  Mot., ECF No. 78-1.  Defendant argues the court did not fully address the

12  issues bearing on class certification and should have granted the parties an opportunity to brief

13  issues raised in plaintiff's reply brief and previously at hearing.  Mot. at 2.  Plaintiff opposes,

14  Opp'n, ECF No. 86, and defendant has filed a reply, Reply, ECF No. 91.  Defendant also has filed

15  a petition for permission to appeal the court's order in accordance with Rule 23(f).  Notice, ECF

16  No. 87.  Defendant moves the court to stay the proceedings in this case "pending resolution of its

17  Rule 23(f) Petition—and, if granted, its resulting appeal before the Ninth Circuit."  Mot. Stay at 2,

18  ECF No. 90-1.  Plaintiff opposes, Opp'n Stay, ECF No. 93, and defendant has replied, Reply Stay

19  ECF No. 94.  The court submitted these motions without a hearing.  Min. Order, ECF No. 107.[2]

20  ## II.   MOTION TO RESCIND CONSTRUED AS RECONSIDERATION

21  ### A.   Legal Standard

22  Defendant has filed a motion to rescind, which the court construes as a motion for

23  reconsideration under Federal Rule of Civil Procedure 59(e).  *See Osterneck v. Ernst & Whinney*,

24  489 U.S. 169, 174 (1989) (motion involving "reconsideration of matters properly encompassed in

25  a decision on the merits" can properly be construed as a motion under Rule 59(e)).

[1] When citing page numbers on filings, the court uses the pagination applied by the CM/ECF system.

[2] The court notes plaintiff's subsequent filing of supplemental authority, ECF No. 108, which does not affect the court's conclusions below.

1    "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly

2    unusual circumstances, unless the district court is presented with newly discovered evidence,

3    committed clear error, or if there is an intervening change in the controlling law." *389 Orange St.*

4    *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, under this

5    district's Local Rules, any request to reconsider must explain "what new or different facts or

6    circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

7    or what other grounds exist for the motion" and "why the facts or circumstances were not shown

8    at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).  "Absent a showing of manifest

9    injustice, the court will not disturb its prior ruling in the interest of fairness."  *Advanced Steel*

10   *Recovery, LLC v. X-Body Equip., Inc.*, No. 16-0148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13,

11   2020).

12        **B.    Analysis**

13        Reconsideration is not warranted here.  Defendant points to no new facts, nor any changes

14   in controlling law.  Instead, defendant argues the court improperly considered arguments plaintiff

15   raised for the first time in its reply brief and at hearing, Mot. at 5, depriving the court of an

16   opportunity "to conduct the 'rigorous analysis' class certification requires," *id.* at 7 (citing *Ellis v.*

17   *Costco Wholesale Corp.*, 657 F.3d 970, 980–81 (9th Cir. 2011)).  Specifically, defendant argues

18   plaintiff disavowed monetary damages for the first time in reply and during hearing.  *Id.* at 6.

19   Defendant appears to make two main arguments to support its motion: 1) plaintiff unfairly raised

20   new arguments in its reply and at hearing so defendant needs an opportunity to brief these new

21   issues; and 2) the court incorrectly interpreted the statutes to find typicality and ignored a more

22   limited class that plaintiff endorsed at hearing.  Defendant's arguments are unpersuasive for the

23   reasons explained below.

24        First, the court does not find plaintiff unfairly raised new arguments.  Plaintiff specifically

25   sought declaratory relief as the main form of relief in her complaint.  *See* Compl. ¶¶ 52–65, ECF

26   No. 1.  Even if plaintiff had not conceded she no longer claims damages for living policy holders,

27   her request for damages "where available," Compl. at 23 (Prayer for Relief), would not have

28   prevented class certification under Rule 23(b)(2) because the request for damages was incidental

                                                     3

1    to her primary claim for declaratory relief, *see Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776,

2    780 (9th Cir. 1986) ("Class actions certified under Rule 23(b)(2) are not limited to actions

3    requesting only injunctive or declaratory relief, but may include cases that also seek monetary

4    damages.").  Additionally, in her motion for class certification under Rule 23(b)(2), plaintiff

5    explicitly sought "a declaration, injunction, or judgment requiring Defendant to provide the

6    notices and rights mandated by The Statutes."  Mot. Cert. at 22, ECF No. 40-1.  In plaintiff's

7    request for class certification under Rule 23(b)(2), there is no mention of or request for monetary

8    relief.  *See id.* at 22–23.  Similarly, in plaintiff's request for class certification under Rule

9    23(b)(3), which the court denied, plaintiff discussed the calculation of damages for the vested

10   beneficiaries and not for the living insureds.  *See* Mot. Cert. at 24–25.  Nowhere in her motion did

11   plaintiff seek damages for the living policyholders, including herself.  Thus, plaintiff's

12   clarification and concession that she does not seek damages for living policyholders was not

13   materially new in that it was not raised for the first time only in reply or at hearing.

14       Second, the court finds defendant had the opportunity to object and address the issue of

15   monetary damages in the context of the court's consideration of Rule 23(b)(2) class certification,

16   both in defendant's opposition and at hearing.  Rather than addressing plaintiff's arguments for

17   class certification under Rule 23(b)(2) separately, defendant chose to focus on plaintiff's

18   arguments for class certification under Rule 23(b)(3) in support of its argument that plaintiff is

19   seeking individualized monetary relief.  *See* Opp'n to Mot. Certification at 21, ECF No. 45 (citing

20   in part portions of plaintiff's motion discussing predominance and superiority under Rule

21   23(b)(3)).  Defendant's choice of argument and which points to emphasize in opposition reflects

22   its litigation strategy over which the court has no control.  Moreover, defendant did not object to

23   plaintiff's reply or argument at hearing, nor did it request supplemental briefing on the issue of

24   damages during the hearing.  *See generally* Tr., ECF No. 73; *cf.* Tr. at 30:23–31:2 (requesting

25   opportunity to brief narrower class definition).  Rather, during oral argument, defendant argued

26   there was no "clear statement to this court" that plaintiff does not seek monetary damages for

27   living policyholders.  *Id.* at 31:3–11.  In response, plaintiff reiterated her concession that she no

28   longer seeks monetary damages for living policyholders.  *Id.* at 33:10–18.  The court gave

4

1   defendant an opportunity to respond, *id.* at 33:23–34:8, and defendant did not object to the court's

2   acceptance of this concession, *id.* at 34:9–17.

3          Third, the court declines to entertain again defendant's arguments about typicality.

4   Defendant argues the court misread the statutes and appears to challenge the court's

5   determination that plaintiff meets the typicality requirement of Rule 23(a)(3).  Defendant had the

6   opportunity to fully brief and argue the issue of whether plaintiff's claims are typical, Opp'n to

7   Mot. Certification at 22–24; Tr. at 9:23–13:12, and the court addressed defendant's argument in

8   its prior order, *see* Prior Order at 8–10.  Thus, defendant has already and could have previously

9   raised the arguments regarding typicality and the interpretation of the statutes; the court will not

10  revisit those issues here.

11         Finally, defendant is incorrect in saying the court "ignore[d] the more limited class

12  endorsed by Plaintiff at the hearing."  Mot. at 7.  At hearing, plaintiff's counsel stated plaintiff

13  "would agree that the class definition can be limited to just those people who did not receive the

14  third-party designee notice *if* the Court were inclined to not include the 60-day grace notice

15  persons in the class because they are overlapping classes nonetheless."  Tr. at 27:1–6 (emphasis

16  added).  Defendant requested the opportunity to brief the issue of a changing or narrowing of the

17  class definition.  *Id.* at 30:23–31:2. The court did not limit the class definition, mooting the need

18  for additional briefing.  *See Nava v. Parkwest Rehab. Ctr. LLC*, No. 20-07571, 2021 WL

19  1253577, at *4 (C.D. Cal. Apr. 5, 2021) ("Whether to permit or deny supplemental briefing is

20  within the Court's discretion.").

21         The court finds defendant has not shown reconsideration is warranted, so denies this

22  motion.

23  **III.    MOTION TO STAY**

24      **A.    Legal Standard**

25         Defendant moves this court for a stay pending resolution of its Rule 23(f) petition.  Mot.

26  Stay.[3]  A petition for permission to appeal under Federal Rule of Civil Procedure 23(f) "does not

---

[3] Defendant's request to stay its motion to rescind, which the court has construed as a motion for reconsideration, is moot to the extent it is now resolved.

1   stay proceedings in the district court unless the district judge or the court of appeals so orders."

2   Fed. R. Civ. P. 23(f).  "A stay is not a matter of right, even if irreparable injury might otherwise

3   result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*,

4   272 U.S. 658, 672 (1926)).  Rather, it is "an exercise of judicial discretion."  *Id*.  As the party

5   requesting a stay, defendant "bears the burden of showing that the circumstances justify an

6   exercise of that discretion."  *Id.* at 433–34.

7        "The standard for evaluating stays pending appeal is similar to that employed by district

8   courts in deciding whether to grant a preliminary injunction."  *Lopez v. Heckler*, 713 F.2d 1432,

9   1435 (9th Cir. 1983).  Four considerations guide judicial discretion in ruling on a motion to stay:

10  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

11  merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

12  the stay will substantially injure the other parties interested in the proceeding; and (4) where the

13  public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 770–71 (1987).  "The first two

14  factors . . . are the most critical"; a court reaches the last two only "[o]nce an applicant satisfies

15  the first two factors."  *Nken*, 556 U.S. at 434, 435.  If the court reaches all four factors, it applies a

16  sliding scale.  *Ariz. Democratic Party v. Hobbs*, 976 F.3d 1081, 1086 (9th Cir. 2020).  The factors

17  are "balanced, so that a stronger showing of one element may offset a weaker showing of

18  another."  *Id.* (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020)).

19        **B.      Analysis**

20              **1.      Likelihood of Success**

21        To justify a stay, a party seeking to appeal must first make "a strong showing that he is

22  likely to succeed on the merits."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)

23  (quoting *Nken*, 556 U.S. at 434).  Although the petitioner "need not demonstrate that it is more

24  likely than not that they will win on the merits," *id.*, the petitioner "must show, at a minimum,

25  that she has a substantial case for relief on the merits," *id.* at 968.  A party can show likelihood of

26  success by showing "serious legal questions are raised."  *Id.* (quoting *Abbassi v. I.N.S.*, 143 F.3d

27  513, 514 (9th Cir. 1998)).

1   Here, defendant argues serious legal questions are raised.  First, defendant makes the same

2 argument it raised before in opposition to class certification: plaintiff cannot meet the

3 commonality requirement because she did not suffer the identical procedural violations as some

4 of the other class members.  *See* Mot. Stay at 5.  But plaintiff alleges she, along with all class

5 members, did not receive one or more of the procedural safeguards required by the statutes, which

6 the California Supreme Court has held "create a single, unified pretermination notice scheme."

7 *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 240 (2021).  As a result, the alleged injury to

8 the class is the same for all members: an injury based on defendant's failure to comply with the

9 statutes.  As the court explained in its order, there is a common question of law and fact raised by

10 plaintiff's claims: whether defendant violated California Insurance Code sections 10113.71 and

11 10113.72 by not providing the statutes' required procedural safeguards prior to lapsing and/or

12 terminating life insurance policies.  Prior Order at 6–8.  Other courts addressing the question of

13 commonality in similar cases, including cases defendant cites in support of its motion, have found

14 commonality was satisfied.  *See, e.g.*, *Small v. Allianz Life Ins. Co. of N. Am.*, No. 20-01944,

15 2023 WL 4042593, at *2 (C.D. Cal. May 23, 2023); *Nieves v. United of Omaha Life Ins. Co.*, No.

16 21-01415, 2023 WL 2705836, at *4 (S.D. Cal. Mar. 28, 2023); *Siino v. Foresters Life Ins. &*

17 *Annuity Co.*, 340 F.R.D. 157, 163 (N.D. Cal. 2022); *Pitt v. Metro. Tower Life Ins. Co.*, No. 20-

18 694, 2022 WL 17972167, at *4 (S.D. Cal. Dec. 1, 2022).  This argument does not weigh in favor

19 of granting a stay.

20   Second, defendant argues there is a serious legal question regarding whether language

21 about lapses in sections 10113.71(b)(1) and 10113.72(c) apply just to the Grace Notice violations

22 (failure to give notice of lapse or termination),[4] or apply more broadly to include Annual Notice

---

[4] California Insurance Code section 10113.71(b)(1) states:

> A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

1    violations (failure to provide annual notice of the right to designate someone or change

2    designation).[5]  Although the Ninth Circuit has not formally decided whether any procedural

3    violation of the statutes prevents a policy from lapsing, in a memorandum decision, a Circuit

4    panel has suggested it does.  Citing the California Supreme Court's decision in *McHugh*, the

5    panel in *Thomas* explained, "[a]n insurer's failure to comply with these statutory requirements

6    means that the policy cannot lapse."  *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021

7    WL 4596286, at *1 (9th Cir. Oct. 6, 2021) (unpublished).  Specifically, the panel found the

8    defendant's "fail[ure] to comply with sections 10113.71 and 10113.72 . . . prevented the policies

9    from lapsing."  *Id.*  In the absence of countervailing precedent, this argument also weighs against

10   a stay.

11          Additionally, "whether class members could actually prevail on the merits of their claims"

12   is not a proper inquiry in determining the preliminary question "whether common questions

13   exist."  *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (internal marks and citation

14   omitted).  Thus, the court's task was not to determine ultimately whether defendant's failure to

15   comply with one or more statutory provisions prevents a lapse or termination of a policy.  *See*

16   *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

17          Third, defendant argues there is a split among district courts regarding the propriety of

18   class certification in these cases.  As the court explained before, unlike the post-*McHugh* cases

19   defendant relies on, the primary relief sought by plaintiff and the class members here is not

Cal. Ins. Code § 10113.71(b)(1).  Similarly, California Insurance Code section 10113.72(c) states:

> No individual life insurance policy shall lapse or be terminated for
> nonpayment of premium unless the insurer, at least 30 days prior to
> the effective date of the lapse or termination, gives notice to the
> policy owner and to the person or persons designated pursuant to
> subdivision (a), at the address provided by the policy owner for
> purposes of receiving notice of lapse or termination. Notice shall be
> given by first-class United States mail within 30 days after a
> premium is due and unpaid.

Cal. Ins. Code § 10113.72(c).

[5] California Insurance Code section 10113.72(b) provides: "The insurer shall notify the
policy owner annually of the right to change the written designation or designate one or more
persons.  The policy owner may change the designation more often if he or she chooses to do so."

8

1  monetary; rather, plaintiff primarily seeks class-wide declaratory relief: a declaration that

2  defendant wrongfully terminated their policies and their policies, thus, remain in force.  *Cf.*

3  *Nieves*, 2023 WL 2705836, at *7; *Siino*, 340 F.R.D. at 161; *Moriarty v. Am. Gen. Life Ins. Co.*,

4  No. 17-1709, 2022 WL 6584150, at *3 (S.D. Cal. Sept. 27, 2022); *Pitt*, 2022 WL 17972167, at

5  *9.  While some other post-*McHugh* cases found the more stringent Rule 23(b)(3) predominance

6  requirement set up an insurmountable hurdle, *see, e.g.*, *Siino*, 340 F.R.D. at 164, this court did not

7  address that factor because it declined on other grounds to certify a class under Rule 23(b)(3), *see*

8  Prior Order at 15.

9        The court acknowledges other district courts have come out differently on the question of

10  typicality in similar cases.  Some courts have held typicality is not met because analysis of the

11  twin insurance statutes requires individualized inquiries into the different policies and violations

12  of the different parts of the statutes, resulting in different defenses and questions of causation.

13  *See, e.g.*, *Steen v. Am. Nat'l Ins. Co.*, No. 22-11226, 2023 WL 4004192, at *6 (C.D. Cal. June 14,

14  2023); *Nieves*, 2023 WL 2705836, at *5; *Pitt*, 2022 WL 17972167, at *4.  Other courts have

15  found, as this court has, typicality was satisfied because the plaintiff's claims were coextensive

16  with the absent class members; the plaintiff alleged the same injury resulting from the same

17  course of conduct by the same defendant—noncompliance with the statutes prior to lapsing or

18  terminating the class members' life insurance policies.  *See, e.g.*, *Small*, 2023 WL 4042593, at *2;

19  *Bentley v. United of Omaha Life Ins. Co.*, No. 15-7870, 2018 WL 3357458, at *9 (C.D. Cal.

20  May 1, 2018).

21        In the cases where courts have declined to find typicality, the facts underlying those cases

22  are distinguishable from those in this case.  For example, among other differences, *Steen* involved

23  plaintiffs who intended to terminate their policies, 2023 WL 4004192, at *7; *Nieves* involved a

24  plaintiff whose policy was reinstated, 2023 WL 2705836, at *5; and *Pitt* involved a plaintiff

25  whose policy was issued and delivered outside of California, 2022 WL 17972167, at *4,

26  rendering the plaintiffs' claims in those cases not typical.  In any event, the fact defendant

27  "disagrees with the Court's ruling does not in and of itself raise a serious legal question." *Belyea*

28  *v. GreenSky, Inc.*, No. 20-01693, 2021 WL 3270987, at *3 (N.D. Cal. July 30, 2021).

1    Here, the court finds defendant has not identified a serious legal question, and therefore,

2    has not shown a strong likelihood of success on the merits.  This factor weighs heavily against a

3    stay.

4                              **2.        Irreparable Injury**

5    Defendant must also "show that an irreparable injury is the more probable or likely

6    outcome." *Leiva-Perez*, 640 F.3d at 968.  Defendant argues it will likely "suffer substantial

7    reputational injury absent a stay" because plaintiff moves to facilitate limited class notice to

8    absent class members.  Mot. Stay at 8.  Plaintiff argues any damage to defendant's reputation

9    would be caused by defendant's own admission that it has not complied with the statutes.  Opp'n

10   Stay at 9.  Some courts have found class notice may result in reputational harm.  *See, e.g.*,

11   *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019).  However, as one

12   court notes, "[d]amage to reputation from a class notice is highly speculative given the prevalence

13   of class action lawsuits, meritorious and not, against virtually any and all kinds of companies."

14   *Montanez v. Gerber Childrenswear, LLC*, No. 09-7420, 2012 WL 12932032, at *2 (C.D. Cal.

15   Feb. 2, 2012); *see also Ngethpharat v. State Farm Mut. Ins. Co.*, No. 20-652, 2021 WL 4244519,

16   at *4 (W.D. Wash. Aug. 2, 2021) (noting defendant has failed to show why stay would avoid

17   reputational injury in case pending over a year).  The court finds defendant's argument about

18   possible reputational harm unpersuasive.

19   Defendant also argues it will suffer irreparable harm absent a stay pending its petition to

20   appeal because it will incur the costs of litigating claims that may not be cognizable.  Mot. Stay at

21   7.  Plaintiff argues defendant does not explain what kind of additional litigation costs it will face

22   and the parties already have engaged in extensive discovery.  Opp'n Stay at 8–9.  "District courts

23   have found irreparable harm probable where an appeal may result in decertification of the class,

24   thereby resulting in a substantial waste of time and resources."  *Romero v. Securus Techs., Inc.*,

25   383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019) (citations omitted) (collecting cases).  However,

26   courts also have found "routine discovery and litigation costs that are unavoidable regardless of

27   the outcome of the appeal do not amount to irreparable harm."  *Id.* (collecting cases).

1   Here, the court finds granting a stay would avoid some discovery and litigation costs.

2   While discovery related to class certification is now closed, *see* ECF 43, the parties have not

3   conducted discovery on the merits.  The contentious nature of this litigation is likely to continue,

4   and if the case goes forward, the parties are likely to incur costs of additional discovery,

5   discovery disputes, and motion practice.  In fact, plaintiff has already filed the motion to facilitate

6   limited class notice referenced above, Mot. Class Notice, ECF No. 92, and a motion to compel,

7   Mot. Compel, ECF No. 104, the latter of which the magistrate judge has denied, ECF No. 109.  In

8   a footnote, plaintiff argues the motion for limited class notice does not factor into whether a stay

9   is warranted because the motion is directed to a damages subclass the court declined to certify.

10  Opp'n Stay at 9 n.1.  Although the court declined to certify a damages class, those potential

11  subclass members are part of the larger class the court did certify; the pendency of the motion and

12  requested notice does factor into whether a stay is warranted.  The costs associated with those

13  motions may be avoidable if the Ninth Circuit were to conclude the case is not suitable for class

14  litigation.  *See Pena v. Taylor Farms Pac., Inc.*, No. 13-01282, 2015 WL 5103157, at *4 (E.D.

15  Cal. Aug. 31, 2015).  However, if the Ninth Circuit affirms this court's order or declines to hear

16  the appeal or modifies the scope of the class, then the additional costs, time, and effort expended

17  on this case would not be completely wasted.  *See Lopez v. Liberty Mut. Ins. Co.*, No. 14-05576,

18  2019 WL 1452906, at *4 (C.D. Cal. Jan. 9, 2019).  Some of the costs incurred will be routine

19  discovery and litigation costs that are unavoidable regardless of the appellate court's decision.

20  Because the court finds some, but not all, of the additional discovery and litigation costs

21  may be rendered unnecessary by an appellate decision, the court finds defendant has shown it

22  may suffer some irreparable injury absent a stay; this factor weighs only slightly in favor of a

23  stay.

24  **3.      Injury to Other Party**

25  The court next considers the injury to plaintiff and the class members.  Here, defendant

26  argues "the cost of a stay to plaintiff is minimal" because there are no imminent deadlines and

27  plaintiff has previously stipulated to a stay.  Mot. Stay at 9.  In opposition, plaintiff argues the

28  stay will injure plaintiff and the class because the case involves life insurance policies and further

11

1   delays could result in death of class members and loss of evidence.  Opp'n Stay at 10.

2   Additionally, plaintiff argues a stay is particularly harmful "[w]here the claims at issue are

3   remedial in nature and address an important public policy."  *Id.*

4        Plaintiff and class members may well incur injury as a result of a stay.  Plaintiff notes

5   class members have already died and more may die, affecting the availability of evidence and

6   critical witnesses for trial.  While evidence must be preserved, *see Peschel v. City of Missoula*,

7   664 F. Supp. 2d 1137, 1141 (D. Mont. 2009), the loss of witnesses due to death cannot be fully

8   compensated, *see, e.g.*, *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-2670, 2020 WL

9   2745231, at *9 (S.D. Cal. May 27, 2020).  Moreover, this case is about life insurance policies.

10  Class members who may be entitled to the protections of a life insurance policy may be deprived

11  of their benefits if there are further delays.  Additionally, a benefit of having life insurance is the

12  "peace of mind and security in having protection against calamity."  *U.S. Bank Nat. Ass'n v. PHL*

13  *Variable Ins. Co.*, No. 11-09517, 2012 WL 1525012, at *3 (C.D. Cal. Apr. 26, 2012).  Continued

14  delays in litigation may leave plaintiff and class members without these benefits.

15       At the same time, plaintiff has previously stipulated to stay proceedings for an

16  indeterminate length of time pending resolution of appeals before the California Supreme Court

17  and the Ninth Circuit in other cases confronting similar issues.  *See* Stip., ECF No. 13.  Plaintiff

18  did not raise concerns about availability of witnesses or the prejudice to class members at that

19  time.  *See id.*[6]  Also, as defendant notes, the court has not set a schedule for further proceedings,

20  *see* Mot. Stay at 9, and plaintiff has not requested the court set a scheduling conference to

21  advance the case, *see* Reply Stay at 8.  Further, a stay would benefit both parties by precluding

22  litigation of discovery disputes that may later be moot.  A stay may also "benefit class members

23  as it would protect against the possibility of unnecessary disclosure of personal information and

24  avoid any confusion caused by issuing a class notice that may later need to be revised or

25  withdrawn."  *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019).

---

[6] The court lifted the previously imposed stay after the California Supreme Court's decision in *McHugh*.  ECF No. 19.

1    After balancing the substantial injury plaintiff and absent class members may face by

2  further delays with potential injury they may face absent a stay, the court finds this factor weighs

3  in favor of a granting of a stay.

4              **4.      Public Interest**

5    Lastly, the court considers the public interest.  Although the public has an interest in the

6  speedy resolution of this case, granting a stay could serve the public interest by avoiding

7  potentially costly and unnecessary litigation.  *See, e.g.*, *Altamura v. L'Oreal, USA, Inc.*, No. 11-

8  1067, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013).  A stay could help avoid any whipsaw

9  effect for the public and class members in the event of an appellate reversal or modification of the

10  court's ruling.  *See, e.g.*, *Alfred v. Pepperidge Farm, Inc.*, No. 14-07086, 2017 WL 5665019, at

11  *3 (C.D. Cal. July 13, 2017).  On balance, this factor weighs slightly in favor of a stay if it is not

12  neutral.

13    Having considered all the factors, the court finds defendant has not met its burden of

14  showing a stay is warranted in this case.  Specifically, defendant has not shown a strong

15  likelihood of success on the merits and the other factors do not strongly weigh in favor of a stay.

16  The motion is **denied**.

17  **IV.    CONCLUSION**

18    For the reasons above, the court **denies** both defendant's motion to rescind and motion to

19  stay.  A status conference is hereby set for **September 21, 2023 at 2:30 p.m**.  The parties shall

20  meet and confer and file a joint status report with a proposed schedule for the case moving

21  forward no later than fourteen (14) days before the status conference.

22    This order resolves ECF Nos. 78 and 90.

23    IT IS SO ORDERED.

24  DATED:  August 24, 2023.

25
_____
CHIEF UNITED STATES DISTRICT JUDGE

13