UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deana Farley, | No. 2:20-cv-02485-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Lincoln Benefit Life Company, | |
| Defendant. | |

Plaintiff Deana Farley moves for the court's approval of limited class notice. For the reasons below, the court **grants** the motion.

I.  **BACKGROUND**

This case involves the termination of life insurance policies. The court has discussed the background of the case in a prior order and incorporates that discussion by reference here. *See* Prior Order, ECF No. 77. In relevant part, the court previously granted plaintiff Deana Farley's motion for class certification under Federal Rule of Civil Procedure Rule 23(b)(2) and denied her

/////

/////

1

motion for class certification under Rule 23(b)(3). *Id.* at 16.[1] The court defined the approved class as follows:

> All owners, or beneficiaries upon a death of the insured, of Defendant's individual life insurance policies issued in California before 2013 that Defendant lapsed or terminated for the non-payment of premium in or after 2013 without first providing all the notices, grace periods, and offers of designation required by Insurance Code Sections 10113.71 and 10113.72.

*Id.* In that order, the court found plaintiff could not be an adequate representative for a putative damages subclass and declined to certify such a class. *Id.* at 15. The court, however, left open the possibility that plaintiff could add a new class representative who could adequately represent this subclass. *See id.* Plaintiff now moves to facilitate limited class notice. Mot., ECF No. 92. Defendant opposes, Opp'n, ECF No. 95, and plaintiff has replied, Reply, ECF No. 102. The court submitted the matter without a hearing. Min. Order, ECF No. 107.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(d)(1)(B), the court may require notice of "any step in the action" or of "the members' opportunity to . . . intervene [or] otherwise come into the action" to "protect class members and fairly conduct the action[.]" Fed. R. Civ. P. 23. Thus, district courts have broad authority to require notice "when needed for the protection of class members or for the fair conduct of the action." *O'Connor v. Uber Techs., Inc.*, No. 13-03826, 2017 WL 3782101, at *5 (N.D. Cal. Aug. 31, 2017) (quoting Manual for Complex Litigation § 21.31 (4th ed.)); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.").

## III.  ANALYSIS

Plaintiff moves to facilitate limited class notice under Rule 23(d)(1)(B) to inform class members of the court's order granting class certification under Rule 23(b)(2) and denying class

---

[1] When citing page numbers on filings, the court uses the pagination applied by the CM/ECF system.

certification under Rule 23(b)(3).  Plaintiff argues the court's decision was an important step in this case and class members should be informed of their options—for example, the option to intervene.  Mot. at 12–14.  Defendant opposes and argues Rule 23(d)(1)(B) "does not provide for notice to members of a *putative* class or when the court *denied* certification."  Opp'n at 7 (emphases in original).

The court finds plaintiff's requested class notice is warranted in this case.  Plaintiff is not seeking class notice for members of a putative class; rather, notice would be for members of the class the court has already certified.  *Contra* Opp'n at 7, 11.  As explained above, this court found plaintiff was not an adequate class representative for a putative subclass of those who may be separately entitled to monetary relief under Rule 23(b)(3).  The court, however, left open the possibility of adding a new class representative who could adequately represent this other subclass, and denied the motion for class certification under Rule 23(b)(3), without prejudice.  *See* Prior Order at 15.

Here, the absent class members may obtain declaratory relief; however, some absent class members who may otherwise be entitled to monetary relief would not be able to seek such relief on a class-wide basis under Rule 23(b)(3) given that the court has declined to certify a subclass under that section of the rule.  Accordingly, to protect the interests of those absent class members, the court finds a limited class notice informing class members of the court's order and of the members' opportunity to intervene is appropriate here.  *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) ("[T]he trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them[.]").

For example, there may be class members who may want to intervene and protect their right to seek monetary relief through this action.  *Cf. Reed v. Sci. Games Corp.*, No. 18-0565, 2021 WL 2473930, at *5 (W.D. Wash. June 17, 2021) ("Rule [23] authorizes the control of communications to absent class members in order 'to protect class members and fairly conduct the action' with particular attention to safeguarding the class' opportunity to participate in the action.").  And although this court does not reach this question now, as plaintiff argues, there may be a risk of a potential running of the statute of limitations as to any damages claim.  *See* Mot. at

3

14; *but see* Opp'n at 9 (arguing statute of limitations would be tolled by pendency of another case before this court). Thus, not informing the absent class members of this court's prior order may be prejudicial to them.

In general, it is the representative plaintiff who must perform the tasks necessary to send out class notices. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). However, in certain instances where "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff," the court has discretion to order the defendant to perform that task. *Id.* For example, the court may "require a defendant's cooperation in identifying the class members to whom notice must be sent." *Id.* at 355. Here, defendant unilaterally has the information necessary to contact absent class members. Although defendant argues it would be impossible to identify the class members, Opp'n at 12–13, it has produced spreadsheets that include information on "known deaths on class policies," indicating otherwise, Mot. at 12; Reply at 8. Accordingly, the court finds defendant should bear the burden in terms of time and cost of identifying class members while plaintiff, who requests the limited class notice, shall bear the burden in time and cost of sending out the class notices.

## IV. CONCLUSION

For the reasons above, the court **grants** plaintiff's motion for limited class notice. The parties are directed to **meet and confer** and submit a proposed class notice or, if they cannot agree, competing class notices within **21 days**. Defendant shall cooperate in identifying the class members to whom notice must be sent.

Additionally, the court adopts in part the parties' proposed schedule for the next stage of the case. *See* Joint Status Report, ECF No. 111. Plaintiff shall move to amend the scheduling order to allow joinder of parties within 60 days of the filed date of this order, or 60 days from the expiration of any new notice period and/or defendant's production of class contact information to plaintiff, whichever is latest. This order resolves ECF No. 92.

IT IS SO ORDERED.

DATED: October 31, 2023.

CHIEF UNITED STATES DISTRICT JUDGE