UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deana Farley, | No. 2:20-cv-02485-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| Lincoln Benefit Life Company, | |
| Defendant. | |

Defendant Lincoln Benefit Life Company renews its motion for a stay, and moves for reconsideration of this court's order granting limited class notice. The court submits both motions without a hearing, **denies** the motion for reconsideration and **grants** the motion for a stay.

**I.     BACKGROUND**

This case involves the termination of a life insurance policy. The court has discussed the background of this case in its prior orders and incorporates that discussion by reference. *See* Prior Order (Apr. 19, 2023), ECF No. 77; Prior Order (Aug. 24, 2023), ECF No. 110. The court previously granted plaintiff Deana Farley's motion for class certification under Federal Rule of Civil Procedure Rule 23(b)(2) but not Rule 23(b)(3). Prior Order (Apr. 19, 2023) at 16.[1]

---

[1] When citing page numbers on filings, the court uses the pagination applied by the CM/ECF system.

1

1   Defendant then moved to rescind that order and to stay this case pending resolution of its petition

2   for permission to appeal under Rule 23(f). *See* Prior Order (Aug. 24, 2023) at 2. The court

3   denied both motions. *Id.*

4       The Ninth Circuit has granted defendant's petition to appeal, and an appeal is pending.

5   *See* Order Granting Pet., Villanueva Decl. Ex. B, ECF No. 117-3. Defendant has filed a renewed

6   motion for a stay in light of the Ninth Circuit's decision. Mot. Stay, ECF No. 117. Plaintiff

7   opposes, Opp'n, ECF No. 119, and defendant has replied, Reply, ECF No. 121.

8       In the interim, the court granted plaintiff's motion for limited class notice. Prior Order

9   (Nov. 1, 2023), ECF No. 120. Defendant moves to reconsider that order. Mot. Recons., ECF No.

10  122. Plaintiff opposes, Opp'n Mot. Recons., ECF No. 130, and defendant has replied, Reply Mot.

11  Recons., ECF No. 133. The court considers first the motion for reconsideration.

12  **II.   MOTION FOR RECONSIDERATION**

13      **A.   Legal Standard**

14      "[A] motion for reconsideration should not be granted, absent highly unusual

15  circumstances, unless the district court is presented with newly discovered evidence, committed

16  clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners*

17  *v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, under this district's

18  Local Rules, any request to reconsider must explain "what new or different facts or circumstances

19  are claimed to exist which did not exist or were not shown upon such prior motion, or what other

20  grounds exist for the motion" and "why the facts or circumstances were not shown at the time of

21  the prior motion." E.D. Cal. L.R. 230(j)(3)–(4). "Absent a showing of manifest injustice, the

22  court will not disturb its prior ruling in the interest of fairness." *Advanced Steel Recovery, LLC v.*

23  *X-Body Equip., Inc.*, No. 16-0148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).

24      **B.   Discussion**

25      Defendant argues this court clearly erred in granting plaintiff's motion for limited class

26  notice in light of defendant's pending Rule 23(f) appeal of the court's order granting class

27  certification. Mem. Mot. Recons. at 6, ECF No. 122-1. "Clear error occurs when 'the reviewing

28  court on the entire record is left with the definite and firm conviction that a mistake has been

committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Mere doubts or disagreement about the wisdom of a court's decision will not suffice to show clear error." *Walker v. Bonta*, No. 20-00031, 2023 WL 2815356, at *2 (S.D. Cal. Apr. 6, 2023) (internal marks and citations omitted).

Defendant has not shown clear error. Defendant does not argue the court misapplied Rule 23(d)(1)(B), which authorizes courts to issue orders that require appropriate notice to class members. Nor does defendant cite authority showing it is error, much less clear error, for the court to adjudicate pending motions while a Rule 23(f) appeal is pending. In fact, Rule 23(f) clearly provides "[a]n appeal does not stay proceedings" unless a court so orders. Because defendant has not shown clear error, its motion to reconsider on that basis is **denied.**

However, defendant's motion can also be construed as a request to supplement its renewed motion for a stay in light of the court's order granting limited class notice. *See* Mem. Mot. Recons. at 5–6 (citing cases where courts have stayed class notice pending Rule 23(f) appeal); Reply Mot. Recons. at 2 ("Deferring the dissemination of class notice until the Ninth Circuit has issued a ruling in Lincoln Benefit's appeal would promote judicial economy[.]"). The court grants the request so construed. The court will consider the pending dissemination of class notice in determining whether a stay is warranted.

Although the court will construe defendant's motion to reconsider as a request to supplement its motion for a stay, the court cautions defendant against filing such overlapping ex parte applications and motions in the future. Defendant's actions have generated wasteful and unnecessary motion practice in this overburdened court. In the future, overlapping or duplicative motions and ex parte applications may result in sanctions, including monetary sanctions.

### III.   MOTION TO STAY

#### A.   Legal Standard

"An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, it is "an exercise of

3

judicial discretion." *Id.* As the party requesting a stay, defendant "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Four considerations guide judicial discretion in ruling on a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The first two factors . . . are the most critical"; a court reaches the last two only "[o]nce an applicant satisfies the first two factors." *Nken*, 556 U.S. at 434, 434–35. If the court reaches all four factors, it applies a sliding scale. *Ariz. Democratic Party v. Hobbs*, 976 F.3d 1081, 1086 (9th Cir. 2020). The factors are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020)).

**B.     Discussion**

To justify a stay, defendant must first make "a strong showing that he is likely to succeed on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (quoting *Nken*, 556 U.S. at 434). Although defendant "need not demonstrate that it is more likely than not [it] will win on the merits," *id.*, it "must show, at a minimum, that [it] has a substantial case for relief on the merits," *id.* at 968. A party can also show likelihood of success by showing "serious legal questions are raised." *Id.* (quoting *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998)). A showing of "a substantial case on the merits" can justify the granting of a stay if defendant can also show "irreparable harm is probable" and the "balance of hardships tips sharply in [its] favor." *Id.* at 971.

In its prior order, the court found defendant did not meet its burden of showing a stay was warranted because it did not show a strong likelihood of success on the merits. Prior Order (Aug. 24, 2023) at 13. Defendant argues the Ninth Circuit's subsequent grant of its Rule 23(f) petition is a change in circumstances that shows defendant does have a substantial case for relief and its

4

appeal raises serious legal issues. Mem. Mot. Stay at 4, ECF No. 117-1. Plaintiff appears to concede defendant has raised a serious legal issue and "agrees that substantial questions are presented by the appeal." Opp'n at 6.

By granting defendant's petition to appeal, the Ninth Circuit has weighed in on the substantiality of defendant's case for relief. Although the Ninth Circuit does not explain why it has granted the petition, it cited *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005). *See* Order Granting Pet. In *Chamberlan*, the Circuit described three situations when review of a class certification decision is most appropriate: when the district court's decision (1) is "questionable" and effectively ends the litigation; (2) "presents an unsettled and fundamental issue of law relating to class actions" that may evade post-judgment review; or (3) "is manifestly erroneous." 402 F.3d at 959. If the Ninth Circuit granted defendant's petition because this court's decision was "questionable" or "manifestly erroneous," defendant has met its burden of showing a "substantial case for relief on the merits." *See Pena v. Taylor Farms Pac., Inc.*, No. 13-01282, 2015 WL 5103157, at *3 (E.D. Cal. Aug. 31, 2015). Likewise, if the Ninth Circuit granted defendant's petition because it identified an unsettled and fundamental issue of law, defendant has met its burden of showing its appeal raises "serious legal questions." *Id.* Because the Ninth Circuit has granted defendant's Rule 23(f) petition, the court finds the first factor weighs in favor of a stay. *See, e.g.*, *Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-00628, 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018) ("The grant of the petition satisfies the first factor for a stay and also alters the calculus of the harms that Defendant faces if proceedings in this Court proceed.").

In its prior order, the court found two of the remaining three factors—irreparable injury and injury to other party—weighed slightly in favor of a stay. Prior Order (Aug. 24, 2023) at 10–13. It also found the last factor, public interest, weighed "slightly in favor of a stay if it is not neutral." *Id.* at 13. The parties' arguments remain largely the same. *Compare* Mem. Mot. Stay, Opp'n, *and* Reply *with* Prior Mot., ECF No. 90, Prior Opp'n, ECF No. 93, *and* Prior Reply, ECF No. 94. The court incorporates the analysis from its prior order by reference.

5

Since the court's prior order, then, two new developments have occurred: 1) the Ninth Circuit granted defendant's Rule 23(f) petition and 2) this court granted plaintiff's motion for limited class notice. In light of these two developments, the court finds the balance of hardships now tips sharply in favor of defendant.

First, defendant has shown it will likely suffer irreparable harm if it prevails on appeal: some, but not all the additional discovery and litigation costs may be rendered unnecessary by an appellate decision. *See, e.g.*, *Pena*, 2015 WL 5103157, at *4–5. Moreover, as the court noted above, the parties have already engaged in extensive motion practice, and a stay is likely to reduce the "risk of litigating on two fronts" now that an appeal is pending before the Circuit. *See Reyes*, 2018 WL 1316129, at *1. Second, although plaintiff and class members may face substantial injury from further delays, a stay may avoid litigation of disputes that may later be proven unnecessary. Additionally, in light of the pending class notice, a stay would "benefit class members as it would protect against the possibility of unnecessary disclosure of personal information and avoid any confusion caused by issuing a class notice that may later need to be revised or withdrawn." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019). Finally, although the public has an interest in speedy resolution of this case, a stay could avoid potentially costly and unnecessary litigation. It also is in the public interest to avoid disseminating unnecessary class notices. *See Pena*, 2015 WL 5103157, at *6 (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012)).

Having considered the four factors, the court finds defendant has met its burden of showing a stay is warranted in this case. The motion is **granted**.

Plaintiff argues if the court grants defendant's motion, it should only issue a partial stay and allow limited class notification to proceed. Opp'n at 8–9. The court previously granted plaintiff's motion to facilitate limited class notice to inform class members of the court's order granting class certification under Rule 23(b)(2) and denying class certification under Rule 23(b)(3). *See* Prior Order (Nov. 1, 2023). Plaintiff argues this court's denial of plaintiff's request to certify a Rule 23(b)(3) damages class has not been appealed, and therefore is not pending before the Ninth Circuit. Opp'n at 8–9. As the court explained before, the potential members of

any damages subclass are members of a class the court has already certified, Prior Order (Aug. 24, 2023) at 11; Prior Order (Nov. 1, 2023) at 3, and an appeal of that certification order is pending before the Ninth Circuit. Partially staying the case but allowing the limited class certification notification to proceed would be counterproductive. Sending out class notices at this time may result in confusion if the class notice needs be later revised in light of the Ninth Circuit's decision. *See Romero*, 383 F. Supp. 3d at 1077. Plaintiff's request is **denied.**

### IV.  CONCLUSION

For the reasons above, defendant's motion for reconsideration is **denied**. Defendant's motion for a stay is **granted**. This action is **stayed** in its entirety pending resolution of defendant's appeal under Federal Rule of Civil Procedure 23(f).

This order resolves ECF Nos. 117 and 122.

IT IS SO ORDERED.

DATED: January 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE